| Case No. | CV 18-1318-RGK-E | Date | September 26, 2018 |
|---|---|---|---|
| Title | *BRANDON VAWTER v. UNITED PARCEL SERVICE, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER re Plaintiff's Motion to Remand (DE 40)

## I. INTRODUCTION

On December 7, 2017, Brandon Vawter ("Plaintiff") filed a class action Complaint alleging unlawful employment practices against United Parcel Service, Inc. ("Defendant") in Los Angeles County Superior Court. In the Complaint, the first through fifth claims allege violations of various California Labor Codes and the Business and Professions Code, and the sixth claim alleges violations of the Private Attorney General Act (Cal. Lab. Code §§ 2698–99; "PAGA").

Defendant timely removed the action to this Court under the Class Action Fairness Act (28 U.S.C. § 1332(d); "CAFA"). However, Plaintiff failed to move for class certification within ninety days of the action's removal to this Court, as Local Rule 23-3 requires. As such, on July 25, 2018, this Court granted in part Defendant's Motion to Strike and dismissed Plaintiff's class claims.

On August 16, 2018, Plaintiff filed the present Motion to Remand. (Mot. to Remand, ECF No. 40.) For the following reasons, the Court **DENIES** Plaintiff's motion.

## II. JUDICIAL STANDARD

Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq.* The Ninth Circuit has held that the removal statute is construed against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal means that the moving party "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The enactment of CAFA does not alter this rule. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[When enacting CAFA] Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-1318-RGK-E | Date | September 26, 2018 |
|---|---|---|---|
| Title | *BRANDON VAWTER v. UNITED PARCEL SERVICE, INC.* | | |

### III. DISCUSSION

Plaintiff argues that the Court should remand his individual state labor law claims and his PAGA claim because the Court dismissed the class allegations over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). (Pl.'s Mot. to Remand, ECF No. 40.) For the following reasons, the Court disagrees.

CAFA confers original jurisdiction to the district courts in any class action in which the amount in controversy exceeds $5,000,000, the number of members of all proposed plaintiff classes is at least 100, and any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2), (5). CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . ." § 1332(d)(1)(B). PAGA actions, however, "are [ ] not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014).

Here, Defendant properly removed Plaintiff's first through fifth claims under CAFA's original jurisdiction and Plaintiff's sixth claim, a PAGA claim, under supplemental jurisdiction. §§ 1332(d), 1367(a).

Subsequently, the Court struck Plaintiff's class claims because Plaintiff failed to move for class certification within ninety days of the action's removal, as Local Rule 23-3 requires. (ECF No. 35.) However, while Plaintiff's class claims have been dismissed, Plaintiff's individual claims remain. As to these claims, the Court has "continued jurisdiction" and no discretion to remand absent a stipulation by the parties. *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010) ("If a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court."). With those individual Labor Code claims still intact, the Court finds that retaining supplemental jurisdiction over the related PAGA claim is proper.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer